IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA                                    CIVIL ACTION

THE BREAKWATER COMMONS
ASSOCIATION, INC., a Florida Non
Profit Corporation



        Plaintiff,

v.                                                     CASE NO. 07-2037-CA

ROYAL PALM BUILDERS II, INC. and
MBR PARTNERS, L.P., as General Partners of
CS-2 VENTURE, a General Partnership; JAMES E.
HIRST, Individually and JAMES E. HIRST &
ASSOCIATES, INC., a Florida corporation;
VAN AUKEN MILLER; S & S STRUCTURAL
SYSTEMS, INC., a Florida corporation; McDANIEL
FIRE PROTECTION SERVICES, INC., a Florida
corporation and McDANIEL FIRE PROTECTION
SYSTEMS, INC.



        Defendants.

_____/

## AMENDED COMPLAINT

    Plaintiff THE BREAKWATER COMMONS ASSOCIATION, INC. by way of Amended

Complaint sues Defendants ROYAL PALM BUILDERS II, INC. and MBR PARTNERS, L.P.

as General Partners of CS-2 VENTURE, a General Partnership; JAMES E. HIRST, individually;

JAMES E. HIRST & ASSOCIATES, INC.; VAN AUKEN MILLER; S & S STRUCTURAL

SYSTEMS, INC.; McDANIEL FIRE PROTECTION SERVICES, INC. and McDANIEL FIRE

PROTECTION SYSTEMS, INC., and alleges as follows:

### JURISDICTION AND VENUE

    1.    Each cause of action for damages exceeds the sum of Fifteen Thousand Dollars

($15,000.00), exclusive of interest and costs.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

EXHIBIT "A"

2.     The property involved in each cause of action is located in Collier County, Florida.

3.     Each cause of action alleged in this Complaint accrued in Collier County, Florida.

4.     Plaintiff demands a trial by jury on all issues so triable.

5.     All conditions precedent have occurred or have been waived.

### PLAINTIFF

6.     Plaintiff THE BREAKWATER COMMONS ASSOCIATION, INC. (hereinafter referred to as the "Association") is a not-for-profit Florida corporation organized and existing pursuant to Chapter 617, Florida Statutes, to provide a corporate entity, pursuant to Florida Statutes, Section 718.111, for the operation of the Condominiums comprising The Breakwater Commons (hereinafter referred to as the "Condominiums"), Collier County, Florida. Control of the Association has been obtained by the Condominium unit owners other than the Developer.

7.     The Association institutes this action in its own right and, pursuant to Florida Rule of Civil Procedure 1.221, in its name, on behalf of all the Condominium unit owners.

8.     This action concerns matters of common interest to the Condominium unit owners, which matters include the Condominiums' common elements and structural components of the Condominiums' buildings, and other matters commonly affecting and of common interest to the Condominiums' unit owners as described more fully herein.

### DEFENDANTS

9.     At all times material hereto, Defendant CS-2 VENTURE, a Florida General Partnership acting through its general partners ROYAL PALM BUILDERS, II, INC. and MBR PARTNERS, L.P. (hereinafter collectively referred to as "Developer") was the Developer of the

Condominiums having created the Condominiums and having sold parcels thereof in its normal course of business.

10. At all times material hereto, Defendant ROYAL PALM BUILDERS, II, INC. (also referred to as "Royal Palm") was the General Contractor of record for the construction of the improvements of the Condominiums.

11. At all times material hereto Defendants JAMES E. HIRST & ASSOCIATES, INC. (hereinafter referred to as "Hirst & Associates") and Defendant James E. Hirst (hereinafter referred to as "Hirst") were the structural engineers of record.

12. At all times material hereto, Defendant VAN AUKEN MILLER (hereinafter referred to as "Miller") was the architect of record.

13. At all times material hereto, Defendant S & S STRUCTURAL SYSTEMS, INC. ("S & S") manufactured and erected the pre-cast units comprising the floor/ceiling slab assembly on the first and second floors of the Condominiums' buildings.

14. At all times material hereto, Defendant McDANIEL FIRE PROTECTION SERVICES, INC. (hereinafter referred to as McDaniel Fire Services) was a subcontractor of record for the construction of the improvements of the Condominiums.

15. At all times material hereto, Defendant McDANIEL FIRE PROTECTION SYSTEMS, INC. (hereinafter referred to as McDaniel Fire Systems) was a subcontractor of record for the construction of the improvements of the Condominiums.

## COUNT I – BREACH OF IMPLIED WARRANTY
### CS-2 VENTURE, ROYAL PALM BUILDERS, II, INC. and MBR PARTNERS, L.P.

16. Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

17. Defendant Developer pursuant to Section 718.203, Florida Statutes, and the common law, impliedly warranted to the unit owners of the Condominiums that each parcel was

reasonably fit for its intended purpose and merchantable, and that the Condominiums' buildings and improvements were constructed in accordance with the plans and specifications, the Building Code, and other local and national codes, and good design, engineering, and construction practices.

18.     Defendant Developer breached the aforesaid implied warranties in that the Condominiums' buildings and improvements were not merchantable and were not reasonably fit for their intended purposes and were not designed or constructed in compliance with the requirements of the Building Code and other local and national codes, in accordance with proper and approved construction plans and specifications, and in accordance with good design, engineering, and construction practices, as a direct and proximate result of which the Condominiums' buildings and improvements were constructed and sold to the unit owners with defects and deficiencies.

19.     The defects and deficiencies are latent defects.

20.     As a direct and proximate result of the above breach of implied warranties, the Association has been and will be required to expend large sums of money for the repair of the defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant CS-2 VENTURE, ROYAL PALM BUILDERS, II, INC. and MBR PARTNERS, L.P. for damages in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs of this action.

## COUNT II – NEGLIGENCE
## CS-2 VENTURE, ROYAL PALM BUILDERS, II, INC. and MBR PARTNERS, L.P.

21.     Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

22.     At all times material hereto, Developer by itself and through its agents, servants and employees, designed, constructed, supervised, inspected and approved for occupancy the

Condominiums' improvements and was under a duty to the Association's members to use reasonable care in so doing.

23.     At all times material hereto Developer by itself and through its agents, servants and employees, undertook and was under a duty to the members of the Association to design and construct the Condominiums' improvements in accordance with the requirements of the Building Code and other local and national codes, proper and approved construction plans and specifications and proper design, engineering and construction practices.

24.     Developer was careless and negligent in designing, constructing, supervising, inspecting and approving for occupancy the Condominiums' improvements because of its failure to comply with the requirements of the Building Code and other local and national codes, failure to construct in accordance with proper and approved construction plans and specifications, and failure to employ good design, engineering and construction practices, as a direct and proximate result of which parcels of the Condominiums were sold to the unit owners with defects and deficiencies.

25.     The defects and deficiencies are latent defects.

26.     As a direct and proximate result of Developer's above-mentioned negligence, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant CS-2 VENTURE, ROYAL PALM BUILDERS, II, INC. and MBR PARTNERS, L.P. for damages in excess of Fifteen Thousand ($15,000.00), interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT III – VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## CS-2 VENTURE, ROYAL PALM BUILDERS, II, INC. and MBR PARTNERS, L.P.

27.     Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

28.     Section 553.84, Florida Statutes, states:

> Notwithstanding any other remedies available, any person or party, in an
> individual capacity or on behalf of a class of persons or parties, damaged
> as a result of a violation of this part of the State minimum building codes,
> has a cause of action in any court of competent jurisdiction against the
> person or party who committed the violation.

29.     Section 553.73, Florida Statutes, prescribed the Standard Building Code as one of the State's minimum building codes, and this Code applied to the construction of the Condominiums' buildings and improvements.

30.     Developer constructed the Condominiums' buildings and improvements with the defects and deficiencies in violation of the Standard Building Code and, therefore, in violation of Section 553.84, Florida Statutes.  The defects and deficiencies are latent defects.

31.     As a direct and proximate result of the above violations of Section 553.84, Florida Statutes, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the aforesaid defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant CS-2 VENTURE, ROYAL PALM BUILDERS, II, INC. and MBR PARTNERS, L.P. for damages in excess of Fifteen Thousand Dollars, $15,000.00), plus interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT IV - BREACH OF IMPLIED WARRANTY
## ROYAL PALM BUILDERS, II, INC.

32.    Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

33.    Defendant Royal Palm pursuant to Section 718.203, Florida Statutes, and the common law, impliedly warranted to the unit owners of the Condominium that each parcel was reasonably fit for its intended purpose, and that the Condominiums' buildings and improvements were constructed in accordance with the plans and specifications, the Building Code, and other local and national codes, and good design, engineering, and construction practices.

34.    Defendant Royal Palm breached the aforesaid implied warranties in that the Condominiums' buildings and improvements were not merchantable and were not reasonably fit for their intended purposes and were not constructed in compliance with the requirements of the Building Code and other local and national codes, in accordance with proper and approved construction plans and specifications, and in accordance with good design, engineering, and construction practices, as a direct and proximate result of which the Condominiums' buildings and improvements were constructed and sold to the unit owners with defects and deficiencies.

35.    The defects and deficiencies are latent defects.

36.    As a direct and proximate result of the above breach of implied warranties, the Association has been and will be required to expend large sums of money for the repair of the defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant ROYAL PALM BUILDERS, II, INC. for damages in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT V – NEGLIGENCE
## ROYAL PALM BUILDERS, II, INC.

37.    Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

38.    At all times material hereto, Royal Palm by itself and through its agents, servants and employees, constructed, supervised, inspected and approved for occupancy the Condominiums' improvements and was under a duty to the Association's members to use reasonable care in so doing.

39.    At all times material hereto Royal Palm by itself and through its agents, servants and employees, undertook and was under a duty to the members of the Association to construct the Condominiums' improvements in accordance with the requirements of the Building Code and other local and national codes, proper and approved construction plans and specifications and proper design, engineering and construction practices.

40.    Royal Palm was careless and negligent in constructing, supervising, inspecting and approving for occupancy the Condominiums' improvements because of its failure to comply with the requirements of the Building Code and other local and national codes, failure to construct in accordance with proper and approved construction plans and specifications, and failure to employ good design, engineering and construction practices, as a direct and proximate result of which parcels of the Condominium were sold to the unit owners with defects and deficiencies.

41.    The defects and deficiencies are latent defects..

42.    As a direct and proximate result of Royal Palm's above-mentioned negligence, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the defects and deficiencies and damages caused thereby.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

WHEREFORE, the Association demands judgment against Defendant ROYAL PALM BUILDERS, II, INC. for damages in excess of Fifteen Thousand ($15,000.00), interest and costs of this action.

## COUNT VI – VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## ROYAL PALM BUILDERS, II, INC.

43.    Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

44.    Section 553.84, Florida Statutes, states:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part of the State minimum building codes, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.

45.    Section 553.73, Florida Statutes, prescribed the Standard Building Code as one of the State's minimum building codes, and this Code applied to the construction of the Condominiums' buildings and improvements.

46.    Defendant Royal Palm constructed the Condominiums' buildings and improvements with the defects and deficiencies in violation of the Standard Building Code and, therefore, in violation of Section 553.84, Florida Statutes.  The defects and deficiencies are latent defects.

47.    As a direct and proximate result of the above violations of Section 553.84, Florida Statutes, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the aforesaid defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant ROYAL PALM BUILDERS, II, INC. for damages in excess of Fifteen Thousand Dollars, $15,000.00), plus interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT VII – NEGLIGENCE
## JAMES E. HIRST

48.     Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

49.     At all times material hereto, Defendant Hirst by himself and through his agents, servants and employees, designed and approved the construction of the Condominiums' buildings and improvements and was under a duty to the Association's members to use reasonable care in so doing.

50.     At all times material hereto Defendant Hirst, by himself and through his agents, servants and employees, undertook and was under a duty to the members of the Association to design the Condominiums' buildings and improvements in accordance with the requirements of the Standard Building Code and other local and national codes, proper and approved construction plans and specifications and proper design, engineering and construction practices.

51.     Defendant Hirst, individually, was careless and negligent in the design of the buildings and improvements comprising the Condominiums because of his failure to employ good design and construction practices, as a direct and proximate result of which the Association sustained damages.

52.     The defects and deficiencies are latent defects..

53.     As a direct and proximate result of Developer's above-mentioned negligence, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant JAMES E. HIRST, individually, for damages in excess of Fifteen Thousand ($15,000.00), interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT VIII – VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## JAMES E. HIRST

54.     Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

55.     Section 553.84, Florida Statutes, states:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part of the State minimum building codes, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.

56.     Section 553.73, Florida Statutes, prescribed the Standard Building Code as one of the State's minimum building codes, and this Code applied to the construction of the Condominiums' buildings and improvements.

57.     Defendant Hirst designed the Condominiums' buildings and improvements with defects and deficiencies in violation of the Standard Building Code and, therefore, in violation of Section 553.84, Florida Statutes. The defects and deficiencies are latent defects.

58.     As a direct and proximate result of the above violations of Section 553.84, Florida Statutes, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the aforesaid defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant JAMES E. HIRST, individually, for damages in excess of Fifteen Thousand Dollars, $15,000.00), plus interest and costs of this action

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT IX – NEGLIGENCE
## JAMES E. HIRST & ASSOCIATES, INC.

59.     Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

60.     At all times material hereto, Defendant Hirst & Associates by itself and through its agents, servants and employees, designed and approved the construction of the Condominiums' buildings and improvements and was under a duty to the Association's members to use reasonable care in so doing.

61.     At all times material hereto Defendant Hirst & Associates, by itself and through its agents, servants and employees, undertook and was under a duty to the members of the Association to design the Condominiums' buildings and improvements in accordance with the requirements of the Standard Building Code and other local and national codes, proper and approved construction plans and specifications and proper design, engineering and construction practices.

62.     Defendant Hirst & Associates was careless and negligent in the design of the buildings and improvements comprising the Condominiums because of his failure to employ good design and construction practices, as a direct and proximate result of which the Association sustained damages.

63.     The defects and deficiencies are latent defects..

64      As a direct and proximate result of Defendant Hirst & Associates' above-mentioned negligence, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant JAMES E. HIRST & ASSOCIATES, INC. for damages in excess of Fifteen Thousand ($15,000.00), interest and costs of this action.

## COUNT X – VIOLATION OF SECTION 553.84, FLORIDA STATUTES JAMES E. HIRST & ASSOCIATES, INC.

65.     Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

66.     Section 553.84, Florida Statutes, states:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part of the State minimum building codes, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.

67.     Section 553.73, Florida Statutes, prescribed the Standard Building Code as one of the State's minimum building codes, and this Code applied to the construction of the Condominiums' buildings and improvements.

68.     Defendant Hirst & Associates designed the Condominiums' buildings and improvements with defects and deficiencies in violation of the Standard Building Code and, therefore, in violation of Section 553.84, Florida Statutes. The defects and deficiencies are latent defects.

69.     As a direct and proximate result of the above violations of Section 553.84, Florida Statutes, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the aforesaid defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant JAMES E. HIRST & ASSOCIATES, INC. for damages in excess of Fifteen Thousand Dollars, $15,000.00), plus interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT XI – NEGLIGENCE
## VAN AUKEN MILLER

70.     Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

71.     At all times material hereto, Defendant Miller by himself and through his agents, servants and employees, designed and approved the construction of the Condominiums' buildings and improvements and was under a duty to the Association's members to use reasonable care in so doing.

72.     At all times material hereto Defendant Miller, by himself and through his agents, servants and employees, undertook and was under a duty to the members of the Association to design the Condominiums' buildings and improvements in accordance with the requirements of the Standard Building Code and other local and national codes, proper and approved construction plans and specifications and proper design, engineering and construction practices.

73.     Defendant Miller, individually, was careless and negligent in the design of the buildings and improvements comprising the Condominiums because of his failure to employ good design and construction practices, as a direct and proximate result of which the Association sustained damages.

74.     The defects and deficiencies are latent defects..

75.     As a direct and proximate result of Miller's above-mentioned negligence, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the defects and deficiencies and damages caused thereby.

  WHEREFORE, the Association demands judgment against Defendant VAN AUKEN MILLER for damages in excess of Fifteen Thousand ($15,000.00), interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT XII – VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## VAN AUKEN MILLER

76.     Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

77.     Section 553.84, Florida Statutes, states:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part of the State minimum building codes, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.

78.     Section 553.73, Florida Statutes, prescribed the Standard Building Code as one of the State's minimum building codes, and this Code applied to the construction of the Condominiums' buildings and improvements.

79.     Defendant Miller designed the Condominiums' buildings and improvements with the defects and deficiencies in violation of the Standard Building Code and, therefore, in violation of Section 553.84, Florida Statutes. The defects and deficiencies are latent defects.

80.     As a direct and proximate result of the above violations of Section 553.84, Florida Statutes, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the aforesaid defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant VAN AUKEN MILLER for damages in excess of Fifteen Thousand Dollars, $15,000.00), plus interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT XIII – BREACH OF IMPLIED WARRANTY
## S & S STRUCTURAL SYSTEMS, INC.

81.     Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

82.     Defendant S & S pursuant to Section 718.203, Florida Statutes, and the common law, impliedly warranted to the unit owners of the Condominiums that each parcel was reasonably fit for its intended purpose and that the Condominiums' buildings and improvements were constructed in accordance with the plans and specifications, the Building Code, and other local and national codes, and good design, engineering, and construction practices.

83.     Defendant S & S breached the aforesaid implied warranties in that the Condominiums' buildings and improvements were not reasonably fit for their intended purposes and were not constructed in compliance with the requirements of the Building Code and other local and national codes, in accordance with proper and approved construction plans and specifications, and in accordance with good design, engineering, and construction practices, as a direct and proximate result of which the Condominiums' buildings and improvements were constructed and sold to the unit owners with defects and deficiencies.

84.     The defects and deficiencies are latent defects.

85.     As a direct and proximate result of the above breach of implied warranties, the Association has been and will be required to expend large sums of money for the repair of the defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant S & S STRUCTURAL SYSTEMS, INC. for damages in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT XIV – NEGLIGENCE
## S & S STRUCTURAL SYSTEMS, INC.

86.     Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

87.     At all times material hereto, S & S by itself and through its agents, servants and employees, constructed, supervised, inspected and approved for occupancy the Condominiums' improvements and was under a duty to the Association's members to use reasonable care in so doing.

88.     At all times material hereto S & S by itself and through its agents, servants and employees, undertook and was under a duty to the members of the Association to construct the Condominiums' improvements in accordance with the requirements of the Building Code and other local and national codes, proper and approved construction plans and specifications and proper design, engineering and construction practices.

89.     S & S was careless and negligent in constructing, supervising, inspecting and approving for occupancy the Condominiums' improvements because of its failure to comply with the requirements of the Building Code and other local and national codes, failure to construct in accordance with proper and approved construction plans and specifications, and failure to employ good design, engineering and construction practices, as a direct and proximate result of which parcels of the Condominiums were sold to the unit owners with defects and deficiencies.

90.     The defects and deficiencies are latent defects..

91.     As a direct and proximate result of S & S's above-mentioned negligence, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the defects and deficiencies and damages caused thereby.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

WHEREFORE, the Association demands judgment against Defendant S & S STRUCTURAL SYSTEMS, INC. for damages in excess of Fifteen Thousand ($15,000.00), interest and costs of this action.

## COUNT XV – VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## S & S STRUCTURAL SYSTEMS, INC.

92.　Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

93.　Section 553.84, Florida Statutes, states:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part of the State minimum building codes, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.

94.　Section 553.73, Florida Statutes, prescribed the Standard Building Code as one of the State's minimum building codes, and this Code applied to the construction of the Condominiums' buildings and improvements.

95.　S & S constructed the Condominiums' buildings and improvements with the defects and deficiencies in violation of the Standard Building Code and, therefore, in violation of Section 553.84, Florida Statutes.  The defects and deficiencies are latent defects.

96.　As a direct and proximate result of the above violations of Section 553.84, Florida Statutes, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the aforesaid defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant S & S STRUCTURAL SYSTEMS, INC. for damages in excess of Fifteen Thousand Dollars, $15,000.00), plus interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT XVI - BREACH OF IMPLIED WARRANTY
## McDANIEL FIRE PROTECTION SERVICES, INC.

97.     Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

98.     Defendant McDaniel Fire Services pursuant to Section 718.203, Florida Statutes, and the common law, impliedly warranted to the unit owners of the Condominium that each parcel was reasonably fit for its intended purpose, and that the Condominiums' buildings and improvements were constructed in accordance with the plans and specifications, the Building Code, and other local and national codes, and good design, engineering, and construction practices.

99.     Defendant McDaniel Fire Services breached the aforesaid implied warranties in that the Condominiums' buildings and improvements were not merchantable and were not reasonably fit for their intended purposes and were not constructed in compliance with the requirements of the Building Code and other local and national codes, in accordance with proper and approved construction plans and specifications, and in accordance with good design, engineering, and construction practices, as a direct and proximate result of which the Condominiums' buildings and improvements were constructed and sold to the unit owners with defects and deficiencies.

100.    The defects and deficiencies are latent defects.

101.    As a direct and proximate result of the above breach of implied warranties, the Association has been and will be required to expend large sums of money for the repair of the defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant McDANIEL FIRE PROTECTION SERVICES, INC. for damages in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT XVII – NEGLIGENCE
## McDANIEL FIRE PROTECTION SERVICES, INC.

102.   Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

103.   At all times material hereto, McDaniel Fire Services by itself and through its agents, servants and employees, constructed, supervised, inspected and approved for occupancy the Condominiums' improvements and was under a duty to the Association's members to use reasonable care in so doing.

104.   At all times material hereto McDaniel Fire Services by itself and through its agents, servants and employees, undertook and was under a duty to the members of the Association to construct the Condominiums' improvements in accordance with the requirements of the Building Code and other local and national codes, proper and approved construction plans and specifications and proper design, engineering and construction practices.

105.   McDaniel Fire Services was careless and negligent in constructing, supervising, inspecting and approving for occupancy the Condominiums' improvements because of its failure to comply with the requirements of the Building Code and other local and national codes, failure to construct in accordance with proper and approved construction plans and specifications, and failure to employ good design, engineering and construction practices, as a direct and proximate result of which parcels of the Condominium were sold to the unit owners with defects and deficiencies.

106.   The defects and deficiencies are latent defects..

107.   As a direct and proximate result of McDaniel Fire Services above-mentioned negligence, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant McDANIEL FIRE PROTECTION SERVICES, INC. for damages in excess of Fifteen Thousand ($15,000.00), interest and costs of this action.

## COUNT XVIII – VIOLATION OF SECTION 553.84, FLORIDA STATUTES
## McDANIEL FIRE PROTECTION SERVICES, INC.

108.    Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

109.    Section 553.84, Florida Statutes, states:

Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part of the State minimum building codes, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.

110.    Section 553.73, Florida Statutes, prescribed the Standard Building Code as one of the State's minimum building codes, and this Code applied to the construction of the Condominiums' buildings and improvements.

111.    Defendant McDaniel Fire Services constructed the Condominiums' buildings and improvements with the defects and deficiencies in violation of the Standard Building Code and, therefore, in violation of Section 553.84, Florida Statutes. The defects and deficiencies are latent defects.

112.    As a direct and proximate result of the above violations of Section 553.84, Florida Statutes, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the aforesaid defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant McDANIEL FIRE PROTECTION SERVICES, INC. for damages in excess of Fifteen Thousand Dollars, $15,000.00), plus interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT XIX - BREACH OF IMPLIED WARRANTY
## McDANIEL FIRE PROTECTION SYSTEMS, INC.

113.    Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

114.    Defendant McDaniel Fire Systems pursuant to Section 718.203, Florida Statutes, and the common law, impliedly warranted to the unit owners of the Condominium that each parcel was reasonably fit for its intended purpose, and that the Condominiums' buildings and improvements were constructed in accordance with the plans and specifications, the Building Code, and other local and national codes, and good design, engineering, and construction practices.

115.    Defendant McDaniel Fire Systems breached the aforesaid implied warranties in that the Condominiums' buildings and improvements were not merchantable and were not reasonably fit for their intended purposes and were not constructed in compliance with the requirements of the Building Code and other local and national codes, in accordance with proper and approved construction plans and specifications, and in accordance with good design, engineering, and construction practices, as a direct and proximate result of which the Condominiums' buildings and improvements were constructed and sold to the unit owners with defects and deficiencies.

116.    The defects and deficiencies are latent defects.

117.    As a direct and proximate result of the above breach of implied warranties, the Association has been and will be required to expend large sums of money for the repair of the defects and deficiencies and damages caused thereby.

WHEREFORE, the Association demands judgment against Defendant McDANIEL FIRE PROTECTION SYSTEMS, INC. for damages in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs of this action.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

## COUNT XX – NEGLIGENCE
## McDANIEL FIRE PROTECTION SYSTEMS, INC.

118.    Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

119.    At all times material hereto, McDaniel Fire Systems by itself and through its agents, servants and employees, constructed, supervised, inspected and approved for occupancy the Condominiums' improvements and was under a duty to the Association's members to use reasonable care in so doing.

120.    At all times material hereto McDaniel Fire Systems by itself and through its agents, servants and employees, undertook and was under a duty to the members of the Association to construct the Condominiums' improvements in accordance with the requirements of the Building Code and other local and national codes, proper and approved construction plans and specifications and proper design, engineering and construction practices.

121.    McDaniel Fire Systems was careless and negligent in constructing, supervising, inspecting and approving for occupancy the Condominiums' improvements because of its failure to comply with the requirements of the Building Code and other local and national codes, failure to construct in accordance with proper and approved construction plans and specifications, and failure to employ good design, engineering and construction practices, as a direct and proximate result of which parcels of the Condominium were sold to the unit owners with defects and deficiencies.

122.    The defects and deficiencies are latent defects..

123.    As a direct and proximate result of McDaniel Fire Systems above-mentioned negligence, the Association, through assessment of its members, has been and will be required to expend large sums of money to remedy the defects and deficiencies and damages caused thereby.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 14241 METROPOLIS AVENUE • SUITE 100 • FORT MYERS, FL 33912
TELEPHONE (239) 433-7707

WHEREFORE, the Association demands judgment against Defendant McDANIEL FIRE

PROTECTION SYSTEMS, INC. for damages in excess of Fifteen Thousand ($15,000.00),

interest and costs of this action.

## COUNT XXI – VIOLATION OF SECTION 553.84, FLORIDA STATUTES
### McDANIEL FIRE PROTECTION SYSTEMS, INC.

124.   Paragraphs 1 through 15 are hereby realleged as though fully set forth herein.

124.   Section 553.84, Florida Statutes, states:

> Notwithstanding any other remedies available, any person or party, in an
> individual capacity or on behalf of a class of persons or parties, damaged
> as a result of a violation of this part of the State minimum building codes,
> has a cause of action in any court of competent jurisdiction against the
> person or party who committed the violation.

126.   Section 553.73, Florida Statutes, prescribed the Standard Building Code as one of

the State's minimum building codes, and this Code applied to the construction of the

Condominiums' buildings and improvements.

127.   Defendant McDaniel Fire Systems constructed the Condominiums' buildings and

improvements with the defects and deficiencies in violation of the Standard Building Code and,

therefore, in violation of Section 553.84, Florida Statutes. The defects and deficiencies are latent

defects.

128.   As a direct and proximate result of the above violations of Section 553.84, Florida

Statutes, the Association, through assessment of its members, has been and will be required to

expend large sums of money to remedy the aforesaid defects and deficiencies and damages

caused thereby.

WHEREFORE, the Association demands judgment against Defendant McDANIEL FIRE

PROTECTION SYSTEMS, INC. for damages in excess of Fifteen Thousand Dollars,

$15,000.00), plus interest and costs of this action.

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiffs
14241 Metropolis Ave., Suite 100
Fort Myers, FL 33912
Telephone: 239-433-7707
Facsimile: 239-433-5933

By: _____
     Herbert O. Brock, Jr.
     Florida Bar No. 0515698
     Sanjay Kurian
     Florida Bar No. 0190659

FTM_DB: B11249/112498:351484_2